IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

GREGORY V. PUTNAM,

            Plaintiff,

v.                                CIVIL ACTION NO. 6:05-cv-00312

JO ANNE B. BARNHART,
Commissioner of Social Security,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

In this action, filed under 42 U.S.C. §§ 401–433, the plaintiff seeks review of the final decision of the Commissioner of the Social Security Administration that denied her applications for disability insurance benefits and supplemental security income. The case is presently pending before this court on cross motions for judgment on the pleadings [Docket 10 and 12].

This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On June 5, 2006, the Magistrate Judge submitted her *Findings and Recommendation* wherein she recommended that the court deny the plaintiff's motion for judgment on the pleadings, grant the defendant's motion for judgment on the pleadings, and affirm the final decision of the Commissioner. On June 22, 2006, the plaintiff filed objections to the Magistrate Judge's *Findings and Recommendation*.

**Standard of Review**

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C.A. § 405(g) (West Supp. 1998). The Supreme Court defines substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not reweigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Commissioner (or the Commissioner's designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the Administrative Law Judge (ALJ) if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

## **Analysis**

The plaintiff makes three objections to the *Findings and Recommendation* of the Magistrate Judge. First, the plaintiff argues that the Magistrate Judge improperly found that no objective findings existed in support of plaintiff's diagnosis of reflex sympathetic dystrophy. Second, the plaintiff argues that the Magistrate Judge incorrectly found that the opinions of a chiropractor are entitled to no weight. Third, the plaintiff states that remand is proper because of new evidence. The court has reviewed *de novo* those portions of the Magistrate Judge's *Findings and Recommendation* to which the plaintiff objects and **FINDS** that the objections lack merit.

First, the court finds that the ALJ properly held that objective evidence indicates that the plaintiff had probable reflex sympathetic dystrophy and considered this impairment in his decision. Nevertheless, the ALJ found that the plaintiff's subjective complaints of pain were not credible and ultimately found that the plaintiff was not disabled. The court has examined the record and **FINDS** that the Magistrate Judge correctly found that substantial evidence existed for this adverse credibility determination.

Second, the Magistrate Judge did not state that the opinion of a chiropractor was entitled to no weight. Instead, the Magistrate Judge stated, as did the ALJ, that the opinions of a chiropractor are entitled to little weight. 20 C.F.R. § 404.1513, 416.913 (2006). The court **FINDS** that the ALJ and the Magistrate Judge correctly attributed the correct amount of weight to the opinion of a chiropractor.

Finally, newly discovered evidence does not automatically entitle the plaintiff to a remand. In *Borders v. Heckler*, the Fourth Circuit determined that "a reviewing court may remand a Social Security case to the Secretary on the basis of newly discovered evidence if four prerequisites are

met." 777 F.2d 954, 955 (4th Cir. 1985). The evidence must be "relevant to the determination of disability at the time the application was first filed and not merely cumulative." *Id.* (citing *Mitchell v. Schweiker*, 699 F.2d 185, 188 (4th Cir. 1983)). It must be "material to the extent that the Secretary's decision 'might reasonably have been different'" had the new evidence been before the Secretary. *Id.* (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)); *Sims v. Harris*, 631 F.2d 26, 28 (4th Cir. 1980). Furthermore, "[t]here must be good cause for the claimant's failure to submit the evidence when the claim was before the Secretary, and the claimant must present to the remanding court 'at least a general showing of the nature' of the new evidence." *Borders,* 777 F.2d at 955 (quoting *King*, 599 F.2d at 599); *see also* 42 U.S.C. § 405(g) (requiring a showing of newness, materiality, and good cause before remanding a case to the Commissioner for consideration of evidence submitted for the first time to the district court).

The plaintiff's new medical evidence is dated June 8, 2006, which is more than two years after the ALJ's decision on April 13, 2004. The plaintiff has not demonstrated how the evidence is relevant to the determination of the disability at the time the application was first filed. The plaintiff merely states that the evidence demonstrates that the plaintiff is currently unable to work full time due to his reflex sympathetic dystrophy and his chronic and unremitting pain. Nothing in the new evidence provides insight into the defendant's condition at the time of the ALJ's decision. New evidence is not relevant if it concerns evidence of a later-acquired disability or of the subsequent deterioration of the previously nondisabling condition. *Bradley v. Bowen*, 809 F.2d 1054, 1058 (5th Cir. 1987). The overwhelming evidence that the plaintiff was not disabled prior to April 13, 2004, indicates that the June 8, 2006 medical report is evidence of a subsequent deterioration of the previously nondisabling condition. Accordingly, the court **FINDS** that the plaintiff's new evidence

is not relevant to the determination of whether the plaintiff was disabled at the time the application was filed.

The court agrees with the Magistrate Judge's thorough analysis of these issues. Accordingly, the court **ADOPTS** the *Findings and Recommendation* of the Magistrate Judge, **DENIES** the plaintiff's motion for judgment on the pleadings [Docket 10], **GRANTS** the defendant's motion for judgment on the pleadings [Docket 12], and **AFFIRMS** the final decision of the Commissioner. The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented parties.

        ENTER:    August 9, 2006

*[signature]*

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE